

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Gean B. Turner
District Attorney
Cleburne, Texas

Dear Mr. Turner;  Opinion No. O-5364

Re: Appointment of temporary
District Attorney -- effect
of H. B. 717, 48th Legisla-
ture.

Your letter of June 3, 1943, seeks the advice
of this Department on the following questions:

(1) Upon your entry into the United States
Navy, may the District Judge appoint someone to take
your place?

(2) Would such appointment terminate at the
end of the term of court at which the appointment was
made?

(3) Would the person appointed be required to
take the oath of office, and also file the bond required
of District Attorneys?

Article 31, Code of Criminal Procedure, provides:

"Whenever any district or county attorney
fails to attend any term of the district, county
or justice's court, the judge of said court or
such justice may appoint some competent attorney
to perform the duties of such district or county
attorney, who shall be allowed the same compen-
sation for his services as is allowed the dis-
trict attorney or county attorney. Said appoint-
ment shall not extend beyond the term of the
court at which it is made, and shall be vacated
upon the appearance of the district or county
attorney."

Honorable Gean B. Turner - page 2

Since the Article authorizes the appointment of
an attorney to perform the duties of the regular District
Attorney only in the instance where there is an incumbent
of the office of District Attorney who fails to attend a
term of the District Court, if the office of District At-
torney is vacated by your entry into the naval service of
the United States, the appointment would not be authorized.
In such case there would exist a vacancy in the office of
District Attorney to be filled by appointment of the Govern-
or. Glover v. Albrecht, (Civ. App.) 173 S. W. 504.

We assume that you are preparing to accept and
qualify for an office in one of the Reserve forces of the
United States Navy.

Article 16, Section 12, of our Constitution pro-
vides:

"No member of Congress, nor person holding
or exercising any office of profit or trust, un-
der the United States, or either of them, or un-
der any foreign power, shall be eligible as a
member of the Legislature, or hold or exercise
any office of profit or trust under this State."

We have heretofore construed the recent decision
of our Supreme Court in the case of Cramer v. Sheppard,
167  S. W. (2)  147, as holding that the exception to
the operation of Article 16, Section 12, provided in Arti-
cle 16, Section 40, embraced all those civil officers of
this State who acquire an office in any of the military or
naval forces of the United States, except the regular mili-
tary or naval establishments. (See our Opinion No. 0-5039,
hereto attached).

In view of recent developments, our interpreta-
tion of the court's opinion seems of doubtful validity. A
few weeks ago the District Attorney of Hueces County made
application to the Supreme Court for leave to file in that
court an original quo warranto proceeding to test the right
of a special District Judge elected by the bar to hold and
exercise the office, alleging that there was no authority
for his election, because the regular District Judge had
vacated his office by accepting and qualifying for an of-
fice in the Naval Reserve. The court granted leave to file,
then dismissed, not upon the merits, but upon the ground

that the District Attorney had no authority to represent the State in such an action in the Supreme Court.

This action on the part of the court indicates that it does not regard the Cramer decision as deciding the question whether the proviso appended to Article 16, Section 40, extends to those who enter naval reserve organizations. We have filed a motion to reinstate the Nueces County action, requesting that this be done to allow the Attorney General to exercise his constitutional right to represent the State in the Supreme Court, to the end that the matter may be determined upon the merits. Upon this motion the court has not yet acted.

In view of this situation we are unable to advise you whether an appointment may be made under Article 31, Code of Criminal Procedure, after you accept and qualify for an office in the Naval Reserve forces of the United States.

If such an appointment can be made, however, under the facts in your case, it will not, under the express terms of Article 31, extend beyond the term of the court at which it is made. House Bill 717, 48th Legislature, does not attempt to authorize appointments to be made to provide persons to discharge the duties of those officers who are in the armed services of the United States. It simply authorizes payment of the compensation attached to the principal office, under certain circumstances, "to any other person who, under the provisions of any law of this State, is appointed or elected to temporarily fill such civil office during the absence of such officer. * * *."

Answering your third question, if an appointment under the facts of your case can be made, the appointee must take the oath of office, but is not required to give bond. The person appointed under Article 31, Code of Criminal Procedure, is an officer of this State. All officers of this State, perforce of Article 16, Section 1, of the Constitution, as well as Article 16, Revised Civil Statutes, are required to take the oath prescribed by the Constitution, Article 16, Section 1. As to the bond, while the statute requires the District Attorney to give bond, there is no statute requiring a bond of one appointed under Article 31 to discharge the duties of the District Attorney. Such person

does not hold the office of District Attorney, but a special statutory office.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF-MR

Enclosure

APPROVED JUN 25, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN